IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN PATRICK BROWN,

    Petitioner,

    v.                                                 CASE NO. 17-3180-JTM

EDDIE WILSON,

    Respondent.

**O R D E R**

Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. 2) and Motion for Leave to Proceed In Forma Pauperis (Doc. 3). The Court grants the motion to proceed in forma pauperis and denies without prejudice the request for appointment of counsel.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n. 10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under

1

18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

**IT IS THEREFORE BY THE COURT ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 2) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. 3) is **granted**.

**IT IS SO ORDERED**.

Dated this 17th day of October, 2017, at Wichita, Kansas.

<u>s/ J. Thomas Marten</u>
**J. THOMAS MARTEN**
**UNITED STATES DISTRICT JUDGE**